IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RONALD WILSON, JR.,            *
                               *
        Plaintiff,             *
                               *
vs.                            *      CASE NO.
                               *
OFFICER MARCUS R. SALES,       *
                               *      JURY TRIAL DEMANDED
        Defendant.             *

## COMPLAINT

### NATURE OF THE CASE

1.

This is a civil rights case.  In investigating a traffic stop, Officer Sales unreasonably mistook the plaintiff to be another person with the same name, who was wanted on an active arrest warrant.  Had the officer performed a competent investigation, the plaintiff would have avoided an unlawful arrest, detention, and imprisonment.  The plaintiff seeks monetary damages, attorney's fees and costs, and a trial by jury.

### PARTIES

2.

Plaintiff Ronald Wilson, Jr. is a resident of Carroll County, Georgia.

3.

Defendant Officer Marcus R. Sales is or was employed by

the Department of Public Safety / Georgia State Patrol.
Officer Sales is sued in his individual capacity.  At all
times relevant to this complaint, Sales acted under the
color of law.

<u>VENUE</u>

4.

All acts or omissions alleged in this complaint
occurred in the Northern District of Georgia, where the
defendant resides, and therefore venue is properly within
this district under 28 U.S.C. § 1391(b)(2).

<u>JURISDICTION</u>

5.

Jurisdiction for this suit is conferred in part by 42
U.S.C. § 1983, which provides in part:

> Every person who, under color of any statute,
> ordinance, regulation, custom or usage, of any
> State or Territory, or the District of Columbia,
> subjects, or causes to be subjected, any citizen
> of the United States or other person within the
> jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

6.

Under 28 U.S.C. §§ 1331 and 1343(a)(3)&(4), the Court
can entertain an action to redress a deprivation of rights
guaranteed by the United States Constitution.

<u>FACTS</u>

<u>An arrest warrant issues
for "Ronald Wilson"</u>

7.

On February 17, 2022, Angelica Nix, on behalf of South of the Border Auto Repair (2285 Austell Rd, Suite A, Marietta, Georgia 30060), went to the Cobb County Magistrate Court to apply for an arrest warrant against "Ronald Wilson."

8.

Nix alleged that Ronald Wilson had, on November 19, 2021, committed the misdemeanor offense of theft by taking (O.C.G.A, § 16-8-2) because he took a catalytic converter from her lot after promising Nix that he would return later with payment for the item, but failed to do so.

9.

Judge Sonja Brown issued an arrest warrant (Warrant No. 22-W-1563) for "Ronald Wilson" that day.  Although the warrant lists a home address for Mr. Wilson, it did not identify his age, date of birth, race, height, weight or any other distinguishable marks or characteristics.

<u>The Incident</u>

10.

Shortly after 8:00 a.m. on September 30, 2022, Officer

Sales of the Georgia State Patrol conducted a traffic stop
(suspected HOV violation) of a semi-trailer truck in
Gwinnett County.

11.

Oliver Turley, who was in training, was driving the
commercial truck; Plaintiff Ronald Wilson, Jr., who was the
driving instructor, was in the sleeper cab of the truck.

12.

During the stop, Off. Sales requested the plaintiff's
driver's license and checked his status through GCIC/NCIC.

13.

Off. Sales had access to a GCIC/NCIC computer terminal
in his patrol car.

14.

When Off. Sales used the information from the
plaintiff's Georgia commercial driver's license ("CDL") for
the GCIC/NCIC check, the GCIC information that Off. Sales
received (in addition to the plaintiff having a valid
Georgia CDL) was that there was an individual named "Ronald
Wilson" who was wanted by Cobb County, Georgia.

15.

Although their names are similar (as the plaintiff is a
"Junior," and the wanted "Ronald Wilson" is not), upon
information and belief, no other identifiers for the

plaintiff and the wanted "Ronald Wilson" presented to Off. Sales were similar.

16.

When Off. Sales requested information from radio dispatch on the plaintiff's Georgia CDL, the following exchange occurred:

| | |
|---|---|
| Radio: | Everything is valid. |
| Off. Sales: | Is Cobb County going to place a hold on him? |
| Radio: | 10-9 (repeat). |
| Off. Sales: | Is Cobb County going to place a hold on the Subject?  He's showing 10-99 (wanted person)(garbled). |
| Radio: | OK (indicating that radio would check with CCSO). |

17.

After this radio transmission, there was no radio traffic between Off. Sales and the GSP radio operator regarding the wanted status of "Ronald Wilson."

18.

When Off. Sales returned to the truck, he told the plaintiff that there was an active warrant for his arrest. To this statement, the plaintiff responded with comments like "You're joking, right?  How is that possible?  I'm in the military and have top-secret clearance.  There must be a mistake."

19.

Off. Sales arrested the plaintiff and took him to the Gwinnett County Jail, where the plaintiff was held for about 12 hours before he was released.

20.

Upon recommendation of the Cobb County prosecuting witness, Nix, the Cobb County warrant for "Ronald Wilson" was recalled and dismissed on the same day.

Count 1

42 U.S.C. § 1983: Unreasonable Misidentification
in violation of the Fourth Amendment

21.

Wilson incorporates paragraphs 1 through 20 here by this reference.

22.

Off. Sales error in arresting the plaintiff on the wanted Ronald Wilson's warrant was not reasonable by Fourth Amendment standards.

23.

At all times relevant to this action, the law was established with obvious clarity that arresting a citizen based on an unreasonable misidentification violates the Fourth Amendment.

24.

As a direct and proximate cause of the defendant's acts and omissions, the plaintiff was detained, arrested, and incarcerated against his will, entitling him to compensatory, punitive and nominal damages in an amount to be determined by the enlightened conscience of the jury.

**WHEREFORE**, the plaintiff prays:

(a)   that as to Count 1, the Court award him compensatory and punitive damages against the defendant, in an amount to be determined by the enlightened conscience of an impartial jury;

(b)   that he be granted a trial by jury on all issues so triable; and

(c)   that he be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

BY: /s/ Cary S. Wiggins
Cary S. Wiggins
Ga. Bar No. 757657

WIGGINS LAW GROUP, LLC
Suite 401
260 Peachtree Street, NW
Atlanta, GA 30303
Telephone: (404) 659-2880
cary@wigginslawgroup.com